IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  10-10139-01-WEB |
| | ) | |
| KENNETH CARLETON, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

The defendant, Kenneth Carleton, entered a guilty plea to manufacture of counterfeit currency, in violation of 18 U.S.C. § 471.  The probation officer filed a presentence report.  Neither party filed an objection.  The defendant filed a Motion for a Downward Variance (Doc. 31), requesting a sentence variance from the guideline sentence of 18 - 24 months.  The defendant requests a reduction in the time of imprisonment, or a sentence of probation.  The court orally denied the motion at the hearing.  This order supplements the court's oral ruling.

The defendant requests the court adopt the factors set forth in the presentence report that warrant a variance from the guideline sentence.  The presentence report identified the following factors:  The defendant was legally employed as an aircraft inspector for 25 years.  The defendant began to abuse alcohol after his mother died, and a few years later, suffered an injury at work that led to his termination, a workman's compensation claim, and a law suit.  During that time, the defendant was unable to work and fell behind in his bills.  The defendant began to use methamphetamine, and his mental and physical health deteriorated.  After his arrest for the instant offense, the defendant attempted suicide.  Since his arrest, the defendant has lost his house to a foreclosure sale, and has started treatment for his mental health and substance abuse issues.

The court shall consider the factors set forth in 18 U.S.C. § 3553, the nature and circumstances of the offense; the defendant's history, the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant.

To provide adequate deterrence, the court's sentence must be significant compared to the sentences he has received recently in the state court system.  The court notes that in 2007, the defendant received a sentence of probation for possession of drug paraphernalia; in 2007 the defendant was given a sentence of probation after he violated a protection order; in 2010 he was given a sentence of probation for forgery and identity fraud, the defendant ha s motion to revoke probation pending in this case; and again in 2010 the defendant was convicted of forgery, he was placed on probation, and a motion to revoke his probation is currently pending.   A sentence of probation is not appropriate in this case.  The defendant was on probation, or had already pled guilty to the offenses, when he committed the offense alleged in this case.  Obviously, a sentence of probation will not provide adequate deterrence to the defendant.

The Defendant admits that he has a substance abuse problem, and he has started receiving treatment for the problem.  The court notes that the Bureau of Prisons has programs available to assist the Defendant address his substance abuse problem.

The offense committed by the defendant is a serious offense.  The defendant was making currency and selling it for cash or for drugs.  As noted in prior cases, any offense involving the sale of drugs is considered a serious offense, based on the dangerous nature of drug crimes.

A sentence of imprisonment will promote respect for the law, by the public and by the defendant, and protect the public from further crimes of the defendant.  The defendant's guideline sentence is 18 - 24 months.  The court imposes a sentence at the low end of the

guideline range, 18 months.

The defendant is not a candidate for a reduction of sentence or probation. The defendant will benefit from the controlled environment provided by the Bureau of Prisons. Substance abuse treatment, mental health counseling, and education and vocational training is available in the Bureau of Prisons.

The defendant's Motion for a Downward Variance (Doc. 31) is denied. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this 26th day of January, 2011.

    s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court Judge